IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONALD J. WEINAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05-3232 |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS OF THE STATE OF ILLINOIS, | ) ) ) ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Department of Veterans Affairs of the State of Illinois' Motion for Partial Summary Judgment. Defendant's Motion for Partial Judgment on the Pleadings (d/e 5); Defendant's Memorandum of Law in Support of Motion for Partial Judgment on the Pleadings (d/e 6); Defendant's Reply to Plaintiff's Response to Defendant's Motion for Partial Judgment on the Pleadings (d/e 13); Defendant's Supplemental Argument in Support of Defendant's Partial Motion for Summary Judgment (Defendant's Supplemental Argument) (d/e 15). The Defendant initially filed a Motion for Partial Judgment on the

1

Pleadings as to the statute of limitation issue of the Equal Pay Act (EPA) claim. Plaintiff Ronald Weinand responded and asked the Court to covert the Defendant's Motion for Partial Judgment on the Pleadings to a partial summary judgment motion. The Court granted Plaintiff's request and gave notice to the parties to submit any additional evidence in support of their claims. All briefing has been completed in this case. The sole issue before the Court is whether Plaintiff Weinand's EPA claim is barred by the two-year statute of limitation.[1]

Plaintiff Weinand filed a single-count Complaint (d/e 1) alleging that the Defendant discriminated against him on the basis of gender by paying him substantially less than a female co-worker performing substantially the same work, in violation of the Equal Pay Act (EPA) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. For the reasons set forth below, the Defendant's Motion for Partial Summary Judgment as to the statute of limitation issue on the EPA claim is DENIED.

---

[1]The Court notes that Plaintiff asked the Court to delay ruling on the applicable statute of limitation because the question of willfulness on the part of the Defendant is a question of fact and because no discovery has been done in this case. The Court denied Plaintiff's request, noting that Plaintiff made no allegation in the Complaint (d/e 1) that the Defendant engaged in any willful, intentional or deliberate conduct. See Text Order entered 1/26/06. Accordingly, the three-year statute of limitation for willful conduct does not apply in this case.

The Department hired Weinand as a pharmacist in April 1990. According to the Complaint, in April 2001, the Department hired a less experienced female pharmacist. Sometime in October 2001, the Defendant discovered that he was being paid substantially less than this female employee who performed substantially the same job duties. Complaint, Exhibit A, Charge of Discrimination form. Specifically, Weinand found out that the female employee's salary was $74,000.00, whereas his salary was $66,000.00. He alleges that the discrimination in pay was based on gender. Because of the alleged discrimination in pay, Weinand claims, among other things, that he has suffered loss of retirement payments.

On or about August 23, 2002, Weinand filed charges with the Equal Employment Opportunity Commission (EEOC). Weinand retired from the Department on November 30, 2002. On or about December 13, 2002, Weinand received his last paycheck from the Department. Defendant's Supplemental Argument, Affidavit of Linda Sharp, ¶ 7. According to Patrick Cummings, Benefits Manager at the Illinois State Employees' Retirement System (SERS), Weinand received his first retirement benefit

from SERS on or about January 4, 2003.² Defendant's Supplemental Argument, Affidavit of Patrick Cummings, ¶ 9. Cummings states in his Affidavit that "Weinand received a second retirement benefit payment on January 19, 2003, and received payments the 19th of each month thereafter." Id. at ¶ 10. On June 11, 2005, Weinand received his notice of right to sue letter. He subsequently filed the present suit on August 31, 2005.

At summary judgment, the Department must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to Weinand. Any doubt as to the existence of a genuine issue for trial must be resolved against the

---

²According to Nicholas Merrill, Accounting Division Manager at SERS: SERS is an independent agency of the State of Illinois created by Article 14 of the Illinois Pension Code, 40 ILCS 5/14 *et seq.*, and was created to provide retirement benefits for employees of the State of Illinois. SERS maintains an account for each state employee, which contains contributions from both the employee and those paid by through the employer pick-up program by the employing Department, from which the employee can draw retirement benefit payments. SERS also receives a contribution amount from each employing Department for the administration of SERS and for current and future benefit payments. SERS does maintain a retirement account for Ronald Weinand, and for the period from April, 1990, until his retirement in November, 2002, Weinand had contributions credited to this account.
Defendant's Supplemental Argument, Affidavit of Nicholas Merrill, ¶¶ 4-6.

Department. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the Department has met its burden, Weinand must present evidence to show that issues of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Viewing the evidence in the light most favorable to Weinand, the Court denies the Defendant's Motion for Partial Summary Judgment.

The Defendant argues that Weinand's claim under the EPA is barred by the two-year statute of limitation set out in 29 U.S.C. § 255(a). Weinand retired from the Department on November 30, 2002. Weinand filed the instant action on August 31, 2005. Based on these facts, the Defendant argues that Weinand's claim is now time-barred because it is "more than nine months outside of the applicable limitations period." Defendant's Memorandum of Law in Support of Motion for Partial Judgment on the Pleadings, p. 3. The Defendant contends that had Weinand filed his Complaint by November 30, 2004, the instant action would have been timely.

Weinand contends that retirement benefits are "wages" under the

EPA. He contends that each allegedly discriminatory paycheck he received after the Defendant hired the female pharmacist in April 2001, affected his monthly pension checks that he has been receiving since his retirement. Weinand explains that "[i]t meant the actual pension payments were lower because pension monthly checks were based on Plaintiff's prior three years of salary. Had Plaintiff been paid what the female pharmacist was paid his monthly pension checks would have been higher." Plaintiff's Response to Defendant's Motion for Partial Judgment on the Pleadings (d/e 10), p. 7.

Under the EPA, an employer cannot discriminate against an employee in the payment of wages based on gender. Varner v. Illinois State University, 226 F.3d 927, 932 (7th Cir. 2000). The definition of "wages" under the Equal Pay Act includes retirement benefits. Specifically, the EEOC regulations provide as follows:

> Under the EPA, the term "wages" generally includes all payments made to [or on behalf of] an employee as remuneration for employment. The term includes all forms of compensation irrespective of the time of payment, whether paid periodically or deferred until a later date, and whether called wages, salary, profit sharing, expense account, monthly minimum, bonus, . . . . Fringe benefits are deemed to be remuneration for employment.

29 C.F.R. § 1620.10 (emphasis added). The regulations defines "fringe

benefits" as follows: "(a) 'Fringe benefits' includes, e.g., such terms as medical, hospital, accident, life insurance and retirement benefits; profit sharing and bonus plans; leave; and other concepts."  29 C.F.R. § 1620.11(a); See Gallagher v. Kleinwort Benson Government Securities, Inc., 698 F.Supp. 1401, 1404 (N.D. Ill. 1988) (citing 29 C.F.R. § 1620.10) (finding that "[t]he term [wages] includes *all* forms of compensation irrespective of the time of payment, whether paid periodically or deferred until a later date, and whether called wages, salary, profit sharing, expense account, monthly minimum, . . . or some other name.").

In order to trigger the protections of the EPA, a plaintiff must file his or her complaint "no more than two years after the date of the alleged violation, or within three years in the case of a wilful violation." Snider v. Belvidere Township, 216 F.3d 616, 619 (7th Cir. 2000) (citing 29 U.S.C. § 255(a)).  As previously noted, at issue in this case is the two-year statute of limitation period.  According to the EEOC regulations, retirement benefits are clearly "wages" under the EPA.  EEOC is the enforcing administrative agency of the EPA.  As such, this Court defers to the EEOC's interpretation of the EPA.  See Hendricks-Robinson v. Excel Corp., 154 F.3d 685, 693 n. 7 (7th Cir. 1998) ("The EEOC's guidelines, 'while not controlling upon

7

courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.'"). Accordingly, the Court finds that Plaintiff Weinand's pension payments constitute "wages" under the EPA and that Weinand's EPA claim is not barred by the two-year statute of limitation, since some of his pension payments were paid during the two-year period preceding the filing of his lawsuit. However, if Weinand prevails on his EPA claim, Weinand may only recover for the claimed violation within the limitations period, which is from August 31, 2003 to August 31, 2005, the date of the filing of this case.

The Defendant advances three arguments in support of its claim that Plaintiff Weinand's EPA claim is barred by the statute of limitation. The Court, however, finds that these arguments are unavailing. First, the Defendant contends that "[n]othing in the regulatory definition of 'wages' works to bring retirement benefits by a third-party under the Equal Pay Act's Coverage, which . . . relates solely to the mandate that an *employer* not discriminate in the payment of wages." Memorandum of Law in Support of Defendant's Reply in Support of Motion for Partial Judgment on the Pleadings (d/e 14), p. 6. Accordingly, the Defendant contends that any

retirement payment that Weinand received from SERS, a non-employer third party, does not constitute "wages" under the EPA.

Plaintiff, however, asserts that the Defendant and SERS, along with other departments of the State of Illinois, are not separate legal entities, but are simply parts of the executive branch of government of the State of Illinois which report directly to the Governor. Plaintiff further contends that SERS acts as an agent of the Defendant in administering its retirement program. Plaintiff contends that this "oneness" of all agencies and departments under the jurisdiction of the Governor of the State of Illinois is supported by the following: (1) Article V of the 1970 Illinois Constitution, (2) the Executive Reorganization Implementation Act, (3) the Personnel Code, and (4) the Pension Code.

The Court finds that there is at least an issue of fact as to whether the Defendant and SERS are one entity, especially in light of the fact that the Defendant authorized SERS to act on behalf of the Defendant in making pension payments to its retired employees and the fact that the Defendant, SERS, along with other departments of the State of Illinois, are parts of the executive branch of government, all of which report directly to the Governor. More importantly, Illinois law requires a state employee to

9

participate in SERS, and so it was Plaintiff Weinand's employment at the Department that made him eligible for SERS membership. See 40 ILCS 5/14-101. As such, the Defendant cannot avoid a claim under the EPA by merely asserting that SERS, a separate agency, is responsible for paying Weinand's retirement benefits. The Defendant's Motion for Partial Summary Judgment on this basis is denied.

In the alternative, the Defendant argues that a finding that retirement payments from SERS are wages under the EPA would render the statute of limitation period meaningless, because Plaintiff could in effect bring a claim under the EPA any time until his death as long as he continues to receive retirement benefits from SERS. As explained earlier, retirement benefits are "wages" under the EPA; thus, as long as the Defendant continues to allegedly discriminate against Plaintiff Weinand in the payment of "wages," it will be subject to charges from Plaintiff. If Plaintiff Weinand prevails on his EPA claim, the Defendant's concern would be remedied once it stops making discriminatory retirement benefits to Plaintiff by adjusting his future retirement benefits.

Finally, the Defendant argues that Plaintiff's claim is barred by the equitable doctrine of laches. The Defendant contends that Plaintiff knew

that he was receiving allegedly discriminatory pay as early as October of 2001, but waited almost four years, until August 31, 2005, to file a charge against the Defendant. The Defendant contends that this delay is not only unreasonable but a detriment and inconvenience to the public, especially because "[t]he Department would suffer actual prejudice if Plaintiff was allowed to bring his claim in that the expenditure of public funds for Plaintiff's back pay, while the Department is at the same time paying the salary for Plaintiff's replacement, would unreasonably impact the public coffers." <u>Defendant's Supplemental Argument</u>, p. 7.

"The defense of laches bars an action when the plaintiff's delay in filing the claim (1) is unreasonable and inexcusable, and (2) materially prejudices the defendant. Essentially the equitable substitute for a statute of limitation, laches serves to protect defendants from prejudice caused by stale evidence, prolonged uncertainty about legal rights and status, and unlimited exposure to liability damages." <u>Smith v. Caterpillar, Inc.</u>, 338 F.3d 730, 733 (7th Cir. 2003)(internal citations omitted). The Court cannot determine whether the defense of laches applies at this point because "[l]aches is generally a factual question not subject to summary judgment." <u>Jeffries v. Chicago Transit Authority</u>, 770 F.2d 676, 679 (7th Cir. 1985).

11

The Court is convinced that, at this point, there are insufficient facts before the Court to find that laches applies.[3] The Defendant's Motion for Partial Summary Judgment on this basis is denied.

THEREFORE, the Defendant's Motion for Judgment on the Pleadings (treated as a Motion for Partial Summary Judgment as to the statute of limitation issue on the EPA claim (d/e 5)) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: May 15, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

---

[3]The Court notes that the Defendant has failed to plead the affirmative defense of laches in its Answer (d/e 4) to Plaintiff's Complaint. The Defendant raises the laches defense for the first time in its supplemental brief in support of its Motion for Partial Summary Judgment. The Defendant's failure to plead the defense in its Answer, however, is not fatal to its case. The Seventh Circuit has held that "when parties argue an affirmative defense in the district court, technical failure to plead the defense is not fatal." DeValk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 334 (7th Cir. 1987).